Sullivan,
No. 4541.

### Arnold L. Tancreti *v.* Irving Mandinach.

Argued December 4, 1956.

Decided February 28, 1957.

*Robert A. Jones* for the plaintiff, furnished no brief.

*Leahy & Denault* (*Mr. Leahy* orally), for the defendant.

LAMPRON, J.   There was evidence that, previous to this employment, plaintiff worked in Franklin as a meatcutter at a salary of $87 per week for a five-day week, for a partnership of which the defendant was a member.   He also received on that job from the other partner $12 per week in cash for his room and toward payment of his meals.   When plaintiff discussed with the partners in Franklin the offer made him by the defendant to work for him in Lebanon he was told "it will be a promotion and to your advantage.   You will get more money."   Plaintiff testified that the defendant agreed to pay him in Lebanon $95 per week for a five-day week.   However he worked 6 days a week for 24 weeks and testified he was assured by the defendant that "it would be made up to me" but it never was.   This evidence warranted a finding that plaintiff was owed $456.

When the Lebanon store opened it was operated by the defendant as an individual as "Mandy Beef Co."   On October 19, 1954, a corporation was formed under the name "Mandy Beef Co., Inc." and defendant testified it operated the business thereafter.   It became bankrupt August 1, 1955.   Plaintiff testified he never was told by defendant that he was no longer working for him but for a corporation.   He did not remember the presence of the word "Inc." on the checks received from defendant in payment of his wages after October 19, 1954.   Defendant admitted there was no change made after incorporation in the name "Mandy Beef Co." which appeared on a sign outside the building in which the store was located.

The existence of a corporation begins when its record of organization is deposited in the office of the Secretary of State and the required fee paid.   RSA 294:17.   However what will be deemed sufficient notice of incorporation to affect the rights of a creditor such as plaintiff depends on the circumstances.   8 Fletcher, Cyclopedia Corporations (Perm. *ed.*) s. 4020.   Where, as in this case, there was no change in the place of business or its mode of operation, it was an issue of fact for the Court whether plaintiff was chargeable with notice or knowledge of the incorporation.   *Id.*   By its verdict the Court necessarily found against the defendant on this issue (*Lupien* v. *Rousseau*, 98 N. H. 459) and he therefore

continued liable to the plaintiff for wages due him during the entire period of his employment. See *Zollar* v. *Janvrin*, 47 N. H. 324, 327; *Deering* v. *Flanders*, 49 N. H. 225, 228.

Defendant's motions were properly denied and the order is

*Judgment on the verdict.*

All concurred.